## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

November 17, 2016
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**GABRIELE M. BISCHOF,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1242**   (BOR Appeal No. 2050589)
                              (Claim No. 2011009204)

**WOOD COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Gabriele M. Bischof, by George Zivkovich, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The Wood County Board of Education, by Lisa Warner Hunter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 2, 2015, in which the Board affirmed a June 2, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 9, 2013, decision insofar as it denied authorization for an L5-S1 decompression with PLIF, pre- and post-surgery physical therapy evaluations, and pre-admission testing. However, the Office of Judges reversed the claims administrator's December 9, 2013, decision insofar as it denied authorization for right L5 transforaminal epidural steroid injections, and the Office of Judges authorized the requested injections.[1] Additionally, the Office of Judges affirmed the claims administrator's November 3, 2014, decision denying a request to reopen Ms. Bischof's claim for workers' compensation benefits on a temporary total disability basis. Finally, the Office of Judges reversed the claims administrator's December 24, 2014, decision denying a request to add the diagnosis of an L5-S1 disc herniation as a compensable diagnosis, and the Office of Judges added an L5-S1 disc herniation as a compensable condition.[2] The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

---

[1] The portion of the decision authorizing right L5 transforaminal epidural steroid injections was not appealed to this Court.

[2] The portion of the decision adding an L5-S1 disc herniation as a compensable diagnosis was not appealed to this Court.

1

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that the Board of Review's decision is based upon a material mischaracterization of the evidentiary record. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion.

Ms. Bischof injured her lower back on August 27, 2010, while attempting to prevent a child from prematurely exiting a school bus during the course of her employment as a school bus driver. Her claim for workers' compensation benefits was initially held compensable for a lower back sprain, lower back pain, and lumbosacral neuritis/radiculitis. Ms. Bischof sought initial treatment for the August 27, 2010, injury in Camden Clark Memorial Hospital's emergency department on September 8, 2010. She complained of lower back pain with radiation into the right leg and was diagnosed with sciatica. On September 29, 2010, a lumbar spine MRI was performed and revealed a disc bulge at L5-S1, a bilateral L5 pars defect, and grade 1 anterolisthesis resulting in severe right neural foraminal stenosis and impingement of the L5 nerve root.

Following continued complaints of lower back pain and right leg pain, Ms. Bischof was referred to neurosurgeon Matthew Walker, M.D., who initially examined her on December 7, 2010. Dr. Walker diagnosed Ms. Bischof with right leg pain and grade 1 spondylolisthesis at L5-S1 with right L5 foraminal stenosis. He recommended that Ms. Bischof undergo L5 transforaminal steroid injections for the treatment of her ongoing radiating right leg pain. Dr. Walker later performed several epidural steroid injections for the treatment of Ms. Bischof's right leg pain.

Ms. Bischof also sought pain management care with Michael Shramowiat, M.D., who diagnosed her with lower back pain and lumbar radiculopathy. On December 13, 2011, Dr. Shramowiat examined Ms. Bischof and noted that she was no longer experiencing a significant amount of pain relief from the epidural steroid injections provide by Dr. Walker. Dr. Walker confirmed Dr. Shramowiat's observation that the epidural steroid injections were providing Ms. Bischof with a decreasing degree of relief in December of 2012, and he recommended that she consider pursuing surgical intervention. On January 29, 2013, Dr. Walker indicated in a treatment note that Ms. Bischof wishes to proceed with surgical intervention but has requested that the procedure be postponed. As such, Dr. Walker continued to provide Ms. Bischof with epidural steroid injections. On December 9, 2013, the claims administrator denied a request for authorization of right L5 transforaminal epidural steroid injections, an L5-S1 decompression with PLIF, pre- and post-surgery physical therapy evaluations, and pre-admission testing.

On June 17, 2014, Dr. Walker performed an L5-S1 decompression with a posterior lumbar interbody fusion with instrumentation. In his operative report, Dr. Walker indicated that Ms. Bischof's current diagnosis is L5-S1 spondylolisthesis with stenosis. In a letter dated July 28, 2014, Dr. Walker opined that the condition of L5-S1 spondylolisthesis was likely present prior to the August 27, 2010, injury, but further opined that the entirety of Ms. Bischof's current

pain is attributable to the August 27, 2010, injury. Dr. Walker further stated that surgical intervention became necessary after conservative treatment methods had failed, and opined that Ms. Bischof would require a course of physical therapy before returning to work. After undergoing physical therapy, she was released to return to work on August 11, 2014.

Additionally, Sushil Sethi, M.D., performed an independent medical evaluation and opined that she reached maximum medical improvement with respect to the compensable lumbar sprain on October 27, 2010, and from that date onward has received treatment solely for the pre-existing diagnosis of spondylolisthesis. Christopher Martin, M.D., performed a records review and also opined that Ms. Bischof reached maximum medical improvement on October 27, 2010, with respect to the compensable lumbar sprain. Dr. Martin further opined that the diagnosis of spondylolisthesis is unrelated to the August 27, 2010, injury.

On November 3, 2014, the claims administrator denied Ms. Bischof's request to reopen her claim for further consideration of temporary total disability benefits. On December 24, 2014, the claims administrator denied a request to add an L5-S1 disc herniation as a compensable diagnosis. On January 8, 2015, Dr. Walker authored a second letter in which he opined that the entirety of Ms. Bischof's current back and leg pain is attributable to a disc herniation that occurred on August 27, 2010. In a records review also dated January 8, 2015, David Soulsby, M.D., opined that the claims administrator properly denied the request for authorization of an L5-S1 decompression, pre- and post-surgical physical therapy, and pre-admission testing because all of the treatment was aimed solely at treating Ms. Bischof's pre-existing spondylolisthesis.

The Office of Judges held that Ms. Bischof failed to demonstrate that the L5-S1 decompression and posterior lumbar interbody fusion, pre- and post-surgical physical therapy, and pre-admission testing are medically necessary and reasonably required for the treatment of a compensable diagnosis, and therefore affirmed the portion of the December 9, 2013, claims administrator's decision denying authorization for the lumbar fusion, physical therapy, and pre-admission testing. However, the Office of Judges found that the evidence of record demonstrates that the requested lumbar epidural steroid injections are medically necessary and reasonably required for the treatment of Ms. Bischof's compensable lumbar radiculopathy. Therefore, the Office of Judges reversed the portion of the December 9, 2013, claims administrator's decision denying authorization for lumbar epidural steroid injections and authorized the requested injections.[3] Additionally, the Office of Judges affirmed the November 3, 2014, claims administrator's decision denying a request to reopen Ms. Bischof's claim for further consideration of temporary total disability benefits. Finally, the Office of Judges reversed the December 24, 2014, claims administrator's decision denying a request to add an L5-S1 disc herniation as a compensable diagnosis, and added an L5-S1 disc herniation as a compensable component of the claim.[4] The Board of Review affirmed the reasoning and conclusions of the Office of Judges in its decision dated December 2, 2015. On appeal, Ms. Bischof asserts that the

---

[3] Once again, we note that the Office of Judges' authorization of the lumbar epidural steroid injections was not appealed to this Court.

[4] We also note once again that the Office of Judges' addition of an L5-S1 disc herniation as a compensable diagnosis was not appealed to this Court.

evidence of record demonstrates that the requested medical treatment is necessary for the treatment of her compensable injury. She further asserts that the evidence of record demonstrates that she is entitled to a reopening of her claim for further consideration of temporary total disability benefits.

Regarding the request for authorization of an L5-S1 decompression and posterior lumbar interbody fusion, the Office of Judges found that Dr. Walker's operative report indicates that the procedure was performed for the treatment of L5-S1 spondylolistheses and stenosis. Further, the Office of Judges found that Ms. Bischof's spondylolisthesis is a non-compensable diagnosis which predated the August 27, 2010, injury. Therefore, the Office of Judges concluded that the surgical procedure was not aimed at treating a compensable diagnosis. Regarding the request for authorization of pre- and post-surgical physical therapy and pre-admission testing, the Office of Judges determined that because the lumbar interbody fusion was not performed for the treatment of a compensable diagnosis, it logically follows that any medical services related to the surgical procedure are also unrelated to the treatment of a compensable diagnosis.

Regarding the request to reopen the claim for further consideration of temporary total disability benefits, the Office of Judges noted that the temporary total disability reopening application is not contained in the record. However, the Office of Judges found that the November 3, 2014, claims administrator's decision indicates that the diagnoses listed on the application are lumbar stenosis and spondylolisthesis, neither of which is a compensable diagnosis. The Office of Judges further found that the temporary total disability reopening application was filed shortly after the lumbar interbody fusion was performed, which the Office of Judges interpreted as a request for temporary total disability benefits during the postoperative recovery period. In that regard, the Office of Judges determined that Ms. Bischof is not entitled to temporary total disability benefits during the recovery period from a surgical procedure aimed at treating a non-compensable diagnosis.

We find that the decision of the Office of Judges, which was affirmed by the Board of Review, is based upon a material mischaracterization of the evidentiary record. Although the portion of the Office of Judges' decision authorizing additional lumbar epidural steroid injections was not appealed to this Court, we note that the Office of Judges authorized the requested injections based upon its finding that the injections were provided for the treatment of Ms. Bischof's compensable lumbar radiculopathy. Specifically, the Office of Judges authorized the injections for the treatment of her symptoms until the date of the L5-S1 decompression at issue in the instant appeal. Ms. Bischof's neurosurgeon, Dr. Walker, clearly indicated that the L5-S1 decompression was performed because the epidural steroid injections began providing her with a decreasing degree of relief. It is therefore illogical that the Office of Judges would deny authorization for the L5-S1 decompression while authorizing additional epidural steroid injections when it is clear that Dr. Walker was utilizing both treatments in an attempt to treat the same, ongoing condition. Further, it is noteworthy that the Office of Judges added an L5-S1 disc herniation as a compensable diagnosis. This is significant in regard to Ms. Bischof's request for authorization of the L5-S1 decompression because during the procedure, Dr. Walker removed a significant amount of extruding disc material. We also note that the Office of Judges pointed to the denial of the request for authorization of the L5-S1 decompression as justification for the

4

denial of Ms. Bischof's requests for authorization of pre- and post-surgical physical therapy and pre-admission testing. The Office of Judges also pointed to the denial of the request for authorization of the L5-S1 decompression as justification for the denial of the request to reopen the claim for further consideration of temporary total disability benefits, based upon its finding that Ms. Bischof is seeking temporary total disability benefits for the recovery period following the L5-S1 decompression.

For the foregoing reasons, we find that the decision of the Board of Review is based upon a mischaracterization of the evidentiary record. The Board of Review erred in affirming the Office of Judges' decision affirming the denial of Ms. Bischof's request for authorization of an L5-S1 decompression and posterior lumbar interbody fusion, pre- and post-surgical physical therapy, and pre-admission testing. The Board of Review also erred in affirming the Office of Judges' decision affirming the denial of Ms. Bischof's request to reopen her claim for further consideration of temporary total disability benefits. Therefore, the decision of the Board of Review is reversed, and the claim is remanded with instructions to authorize an L5-S1 decompression and posterior lumbar interbody fusion, pre- and post-surgical physical therapy, and pre-admission testing. Additionally, because the temporary total disability reopening application is not contained in the record, the claim is also remanded for further development of the evidentiary record regarding Ms. Bischof's entitlement to temporary total disability benefits during the recovery period following the L5-S1 decompression.

Reversed and Remanded.

**ISSUED: November 17, 2016**

**CONCURRED IN BY:**
Chief Justice Menis E. Ketchum
Justice Robin J. Davis
Justice Margaret L. Workman

**DISSENTING:**
Justice Brent D. Benjamin
Justice Allen H. Loughry II

LOUGHRY, J., dissenting:

I dissent from the majority's decision to authorize the claimant's request for an L5-S1 decompression and posterior lumbar interbody fusion, pre- and post-surgical physical therapy,

and pre-admission testing and to remand the claim for further development of the evidentiary record regarding the claimant's request for temporary total disability benefits during the recovery period following her L5-S1 decompression. It is clear from the record the claimant suffered a work-related injury on August 27, 2010, that resulted in compensable diagnoses of lower back sprain, lower back pain, and lumbosacral/radiculitis that required treatment in the form of epidural steroid injections. It is equally clear, however, that the claimant suffers from pre-existing spondylolisthesis and stenosis and that the benefits she has sought in this appeal are for those noncompensable conditions. In that regard, the record contains evidence in the form of reports from three different doctors stating that the claimant reached maximum medical improvement on October 27, 2010, with respect to the compensable injury and that treatment she received after that date related to her non-compensable, pre-existing spondylolisthesis and stenosis. Inasmuch as the claimant's request for authorization for surgery and medical benefits related thereto and additional temporary total disability benefits arises from her pre-existing conditions, her request should have been denied because such benefits are simply not compensable under this claim. This Court recently addressed this exact issue in *Gill v. City of Charleston*, 236 W.Va. 737, 783 S.E.2d 857 (2016). Like the claimant in the case at bar, Mr. Gill had a pre-existing back condition attributable to prior injuries. Rejecting Mr. Gill's request to add diagnoses resulting from his prior back injuries to his claim, we made clear that:

> A noncompensable preexisting injury may not be added as a compensable component of a claim for workers' compensation medical benefits merely because it may have been aggravated by a compensable injury. To the extent that the aggravation of a noncompensable preexisting injury results in a discreet new injury, that new injury may be found compensable.

*Id.* at 858, 783 S.E.2d at 738, syl. pt. 3. In this case, the claim has not been held compensable for a discreet new injury resulting from an aggravation of the claimant's pre-existing conditions of spondylolisthesis and stenosis. Accordingly, the requested treatment and additional temporary total disability benefits should have been denied. Because the majority has chosen to completely ignore *Gill* and misapply our law, I dissent.

6